UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re URBAN OUTFITTERS, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. 2:13-cv-05978-MAK <br><br> <u>CLASS ACTION</u> <br><br> LEAD PLAINTIFF'S NOTICE OF NON-OBJECTION TO MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFF'S EXPENSES |

Lead Plaintiff David A. Schwartz respectfully submits this notice of non-objection in further support of his motion for final approval of the proposed Settlement, approval of the Plan of Allocation of Settlement proceeds, and an award of attorneys' fees and payment of litigation expenses and Lead Plaintiff's expenses (Dkt. No. 85).

## I.   PRELIMINARY STATEMENT

Lead Plaintiff and Lead Plaintiff's Counsel are very pleased to advise the Court of the overwhelmingly positive reaction of the Class to the proposed Settlement and the motion for fees and expenses. More than 27,000 notice packets have been mailed to potential Class Members and nominees and summary notice was published in *The Wall Street Journal* and transmitted over the *PR Newswire* in accordance with the notice program directed by the Court in its Order dated June 14, 2016 (the "Preliminary Approval Order") (Dkt. No. 82). *See* Declaration of Stephanie A. Thurin Regarding Notice Dissemination, Publication and Requests for Exclusion Received to Date ("Thurin Decl."), ¶¶3-11 (Dkt. No. 85-5). The September 16, 2016 deadline for objections and exclusions has passed and we have received no objections to the Settlement and the related relief and only one request for exclusion from the Class. Additionally, it is noteworthy that no public pension fund or other large institutional investor has objected to the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses, or requested exclusion from the Class.

Lead Plaintiff and Lead Plaintiff's Counsel respectfully submit that the lack of objection and virtual lack of exclusions is compelling evidence that the Settlement, the Plan of Allocation, and the fee and expense request are fair and reasonable and should be approved by the Court.

**ARGUMENT**

**II.     THE REACTION OF THE CLASS FULLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND EXPENSES**

The Third Circuit considers the reaction of the class an important factor in connection with the approval of a proposed class action settlement and a request for attorneys' fees and expenses. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

The fact that the Class' reaction here is resoundingly positive is strong evidence that the Settlement is fair, adequate, and in the best interests of the Class. "[T]he Third Circuit Court of Appeals has recognized the practical conclusion that it is generally appropriate to assume that 'silence constitutes tacit consent to the agreement' in the class settlement context." *Harlan v. Transworld Sys., Inc.*, No. 13-5882, 2015 WL 505400, at *8 (E.D. Pa. Feb. 6, 2015) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 n.15 (3d Cir. 1993)). "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001); *see also Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"). As noted, not a single pension fund or other similar institution has objected to any aspect of the Settlement.

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Finally, it is also well recognized that no or minimal objections to a fee request represent powerful evidence that the request is fair. *See, e.g., In re Schering-Plough Corp. ENHANCE ERISA*

- 3 -

*Litig.*, No. 08-1432, 2012 WL 1964451, at *6 (D.N.J. May 31, 2012) ("'The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.'") (quoting *Smith v. Dominion Bridge Corp.*, No. 96-7580, 2007 WL 1101272, at *8 (E.D. Pa. Apr. 11, 2007)); *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

Accordingly, the overwhelmingly positive response of the Class here fully supports both the approval of the Settlement and Plan of Allocation and the award of attorneys' fees and expenses, including Lead Plaintiff's expenses.

### III. CONCLUSION

For the reasons set forth herein and in Lead Plaintiff's and Lead Plaintiff's Counsel's initial memoranda of law and declarations in support of the motion, Lead Plaintiff and Lead Plaintiff's counsel respectfully request that the Court approve the proposed Settlement as fair, reasonable, and adequate; approve the proposed Plan of Allocation; approve Lead Plaintiff's Counsel's request for attorneys' fees and payment of litigation expenses; and approve Lead Plaintiff's expenses. Proposed orders, including the Judgment negotiated by the parties as an exhibit to the Stipulation of Settlement, are submitted herewith.

DATED: October 21, 2016                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           ELLEN GUSIKOFF STEWART (*pro hac vice*)


                                                  s/ Ellen Gusikoff Stewart
                                           ELLEN GUSIKOFF STEWART

- 3 -

1198168_1

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
STEPHEN R. ASTLEY (*pro hac vice*)
ELIZABETH A. SHONSON (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

KAUFMAN, COREN & RESS, P.C.
DEBORAH R. GROSS (PA ID 44542)
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone:  215/735-8700
215/735-5170 (fax)
DGross@kcr-law.com

Liaison Counsel

HOLZER & HOLZER LLC
COREY D. HOLZER
MARSHALL P. DEES (*pro hac vice*)
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090
770-392-0029 (fax)
cholzer@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Lead Plaintiff

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2016.

                                                s/ Ellen Gusikoff Stewart
                                                ELLEN GUSIKOFF STEWART

                                                ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-8498
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                E-mail:  elleng@rgrdlaw.com

**Mailing Information for a Case 2:13-cv-05978-MAK SCHWARTZ v. URBAN OUTFITTERS, INC. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **STEPHEN R. ASTLEY**
  sastley@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **MARSHALL P. DEES**
  mdees@holzerlaw.com

- **DEBORAH R. GROSS**
  dgross@kcr-law.com,JHannigan@kcr-law.com

- **LAURA HUGHES MCNALLY**
  lmcnally@morganlewis.com

- **KAREN PIESLAK POHLMANN**
  kpohlmann@morganlewis.com,jmcgovern@morganlewis.com

- **JACK REISE**
  jreise@rgrdlaw.com,stirabassi@rgrdlaw.com,kdouglas@rgrdlaw.com,e_file_sd@rgrdlaw.com,bheikkinen@rgrdlaw.com,e_file_fl@rgrdlaw.com,ecomeaux@rgrdlaw.com

- **DAVID A. ROSENFELD**
  DRosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **ELIZABETH A. SHONSON**
  eshonson@rgrdlaw.com

- **MARC J. SONNENFELD**
  msonnenfeld@morganlewis.com,pfiggs@morganlewis.com,jmcgovern@morganlewis.com

- **ELLEN GUSIKOFF STEWART**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com,E_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)