IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. SCHWARTZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 13-5978 |
| | : | |
| URBAN OUTFITTERS, INC., et al. | : | |

## JUDGMENT ORDER

**AND NOW**, this 31st day of October 2016, upon consideration of Lead Plaintiff David A. Schwartz's unopposed Motion for final approval of class action settlement, certification of settlement class, award of reasonable attorneys' fees, reimbursement of expenses, and a service payment to the Lead Plaintiff (ECF Doc. No. 85), the Declarations of David A. Schwartz (ECF Doc. No. 85-4), Stephanie A. Thurin (ECF Doc. No. 85-5), Jack Reise, Esq. (ECF Doc. No. 85-6), Deborah R. Gross, Esq. (ECF Doc. No. 85-7), Corey D. Holzer, Esq. (ECF Doc. No. 85-8), the June 8, 2016 Stipulation of Settlement ("Settlement Agreement") (ECF Doc. No. 74), the Plaintiff's Supplemental Submission with requested Final Judgment Order detailing, among other things, results of notice and anticipated distribution (ECF Doc. No. 86), after hearing extended argument and the parties electing not to present evidence at a noticed Hearing on Final Approval, and with no objections to the settlement, it is **ORDERED** Lead Plaintiff's unopposed Motion (ECF Doc. No. 85) is **GRANTED; JUDGMENT** is entered under this Order; all claims and actions under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 are **DISMISSED** with prejudice, and the Clerk of Court shall enter **JUDGMENT** and **close** this case retaining jurisdiction only to enforce this Order and incorporated June 8, 2015 Stipulation of Settlement (to the extent not inconsistent with this Order), upon our specific findings:

*Findings of fair, adequate and reasonable settlement.*

1. We have jurisdiction over the subject matter and over all parties under 28 U.S.C. §1331, including over all members of the Settlement Class.[1]

2. Plaintiff David A. Schwartz asserted claims for himself and the Settlement Class for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

3. We certify a Settlement Class under Fed.R.Civ.P. 23(b)(3):

All persons who purchased or otherwise acquired the common stock of Urban Outfitters, Inc. ("Urban" or the "Company") during the period from March 12, 2013 through and including September 9, 2013, and held such stock until at least September 9, 2013.

4. The Parties and the Claims Administrator sent approximately 27,976 notice packets by first class mail to putative the Settlement Class along with summary notice published in the *Wall Street Journal* and transmitted over the *PR Newswire*.

5. The Parties and the Claims Administrator received no objections.

6. Absent no objections and considering administrative convenience and necessity for the benefit of the Class, the Plan of Allocation and formula for calculating claims of Authorized Claimants described in the Notice sent to the Class provides a fair, reasonable and adequate basis to allocate the Net Settlement Fund.

7. After applying each of the factors reaffirmed by our Court of Appeals in *In re Nat'l Football League Players Concussion Injury Litigation*,[2] we approve the uncontested

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined by the June 8, 2016 Stipulation of Settlement (ECF Doc. No. 74).

[2] 821 F.3d 410, 437 (3d Cir. 2016). When determining whether a proposed class action settlement is fair, reasonable, and adequate, we consider nine factors: "(1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3)

Settlement Agreement and find the settlement is fair, reasonable, and adequate to all members of the Settlement Class.

8. The Settlement Class satisfies Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3). We certify the Settlement Class for purposes of settlement of this case only.

9. The Notice approved by this Court and provided to all members of the Settlement Class, including through a website, with summary notice publication in the *Wall Street Journal* and transmitted over the *PR Newswire*, and the initial mailings of approved Notice, adequately informed the Class members of the terms of the Agreement, their right to opt out of the

---

the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* at 534-35 (citing *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975)). The first factor supports settlement because this securities action is complex, as it it requires resolving difficult issues, including the existence of scienter, false and misleading statements, and loss causation. Litigation of these issues would have likely resulted in significant expense but for the Settlement. The second factor supports settlement because the class responded favorably to the settlement, as there are no objectors. The third factor supports settlement because the parties have an adequate understanding of the issues. Mr. Schwartz successfully opposed Defendant's motions to dismiss and motion for partial judgment on the pleadings. Class Counsel reviewed over 99,000 pages of documents and retained experts. The parties participated in mediation, where they further evaluated the issues. The fourth factor supports settlement because although Mr. Schwartz survived the pleadings stage, he candidly admits he faces many issues at trial or in defending a motion for summary judgment, including proving scienter. The fifth factor supports settlement because Mr. Schwartz faces many substantial risks in proving the alleged false statements or omissions caused damages as he must prove, among other things, Defendant used the results of its other brands to mask the performance of the Urban brand, which is a difficult theory. As to the sixth factor, settlement precludes the risk associated with trial. The seventh factor is neutral as the parties do not provide evidence Defendant would be unable to pay a greater judgment, but this factor alone does not undermine the reasonableness of the settlement. The eighth and ninth factors support settlement, as Class Counsel admits it faces considerable risks in proving both liability and damages. The $8.5 million settlement amounts to 6% to 8% of the estimated maximum damages range of approximately $107 million to $140 million, which is consistent with other securities class action settlements.

3

monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at our October 31, 2016 Final Approval Hearing. We find the Class Notice satisfied Fed. R. Civ. P. 23 (e)(1)(B).

10. The Claims Administrator received at least 16,740 claims forms and continues to evaluate and process those forms consistent with Class Notice, including accepting three late claim forms and one opt-out from a Defendant's employee.

11. No members of the Settlement Class attended the October 31, 2016 Final Approval Hearing, notice of which was included in the Class Notice, to raise objections, advance questions, or oppose the settlement.

***Steps to effect Settlement.***

12. **Payment to Settlement Class.** We find and determine payments to the members of the Settlement Class, as provided in the Class Notice and to be paid by the Claims Administrator is fair, reasonable and adequate when the payments are timely made to each member of the Settlement Class through a forty-five day update to the Settlement website and the Class Counsel, Plaintiff and Claims Administrator diligently working in good faith to distribute from the Settlement Funds by May 5, 2017.

13. **Payment to Class Counsel simultaneous with payments to the Settlement Class.** Class Counsel, consisting of David A. Rosenfeld, Jack Reise, Elizabeth A. Shonson, Stephen R. Astley, Ellen Gusikoff Stewart of Robbins Geller Rudman & Dowd LLP, Deborah R. Gross of Kaufman, Coren & Ress, P.C. and Marshall P. Dees of Holzer & Holzer LLC, provided highly competent representation for the Class and are awarded $2,550,000 representing a thirty percent (30%) contingent fee, $223,469.22 in demonstrated expenses, together with the interest earned on these funds while held in the Settlement Fund to be paid

simultaneously with, but not before, distribution of funds under the approved Plan of Allocation to the Settlement Class.

      a.    Exercising our discretion,[3] we conduct a "thorough judicial review" to determine the amount of any award to counsel.[4] "Judicial deference to the results of private negotiations is undoubtedly appropriate for many settlements, but not for class action settlements, including their attorney fee terms. 'That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award.'"[5] In a common-fund class action, our Court of Appeals generally favors awarding fees applying a percentage-of-the-recovery method.[6] We find a reward based on a percentage of recovery is appropriate.[7]

      b.    Class Counsel conducted extensive investigation, research, focused

---

[3] *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).

[4] *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819 (3d Cir. 1995).

[5] *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701, 713 (7th Cir. 2015) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

[6] *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011).

[7] We agree with Judge Posner's analysis that the market should define a contingent fee in the common fund portion of a recovery in a securities case: "[t]he judicial task might be simplified if the judge and the lawyers bent their efforts on finding out what the market in fact pays not for the individual hours but for the ensemble of services rendered in a case of this character. This was a contingent fee suit that yielded a recovery for the 'clients' (the class members)… The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *In the Matter of Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992).

discovery and evaluated respective risks of further litigation, including the risk of decertification of the preliminarily certified class, additional costs, and delay associated with further prosecution of this action. The parties reached the Agreement as a result of intensive, arms-length negotiations, including mediation managed by Jed Melnick, Esq. Counsel reached agreement on the settlement terms without addressing the attorney's fees. Class Counsels' fees are reasonable and necessary for the benefit of the Class.[8]

        c.     As a cross-check, we reviewed Class Counsel's lodestar amount of $2,989,308 for 5,987.05 hours of effort, at its normal and reasonable hourly rates, and this award will be paid from the Settlement Amount at the time of distribution to Class Members, in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. We find the negative multiplier of 0.85 is proper given the risks in this litigation, contentious disputes on recovery and the settlement addressing a possible payment

---

[8] In common fund cases, we consider seven factors to analyze the reasonableness of the requested fee: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. As to the first factor, the Settlement Fund fully addresses over 16,470 claims to date under the approved Plan of Allocation providing an estimated benefit to each Settlement Class member. The second factor supports the proposed fee because there were no objectors. The third factor supports the proposed fee as Class Counsel possess substantial experience prosecuting securities class actions. The fourth factor supports the proposed fee because this securities action is complex, as it requires resolving difficult issues, including the existence of scienter, false and misleading statements, and loss causation. Litigation of these issues would have likely resulted in significant expense but for the Settlement. The fifth factor supports the proposed fee because of the risk inherent in Class Counsel's decision to take this case on a contingency fee basis. Also, the risk of nonrecovery is heightened because this is a complex securities action. The sixth factor supports the proposed fee because Class Counsel spent over 5,900 hours on the case over three years. The seventh factor supports the proposed fee because a 30% fee from the Settlement Fund is consistent with other class action settlements. For example, a 2015 study by the National Economic Research Associates, Inc., demonstrates 30% is the median fee award in settlements between $5 million and $10 million.

to all Settlement Class members.

14. **Payment to Claims Administrator.** The Claims Administrator, Epiq Class Action & Claims Solutions, Inc., shall be awarded no more than $300,000 for fair and reasonable fees and expenses incurred in the administration of the settlement to be paid $100,000 within ten (10) days after any appeal period expires on this Judgment Order and the balance paid simultaneously with, but not before, distribution of funds under the approved Plan of Allocation to the Settlement Class. The Claims Administrator may destroy all hard copy claims one (1) year after final distribution of all funds held by it, and all electronic data may be destroyed three (3) years after final distribution of all funds held by it.

15. **Service Payment to David A. Schwartz.** Upon review of his Declaration in support of the Final Approval and specifically describing under oath his consistent diligent efforts over three years including preparing and providing deposition testimony, regularly consulting with attorneys for the putative Class and discuss settlement parameters (ECF Doc. No. 85-4), and absent an objection, we find a $5,000 Service Payment from the Settlement Amount as specified in the Agreement and Class Notice, and with no objection, shall be paid to David A. Schwartz simultaneously with, and not before, distributions to the Settlement Class under the approved Plan of Allocation.

16. **Remaining balance in Net Settlement Fund including *cy pres*.** If there is any balance remaining in the Net Settlement Fund after a reasonable period of time, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion. Any *de minimis* balance remaining in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated in *cy pres* to be

simultaneously distributed to CareerWardrobe.org located in this District providing "dress for success" opportunities with a nexus to the Defendant's business model.

17. **Dismissal of claims.** Claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in this Class Action Complaint, on the merits are **dismissed with prejudice** and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

18. **No further claims under the Complaint.** Members of the Settlement Class are barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore existed against Defendants, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class Action Complaint. All members of the Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, are permanently enjoined from participating in any other class action lawsuit against Defendants or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or known, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendants, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representatives, or omissions which are alleged, or which could have been alleged, in the Class Action Complaint in this matter.

_____
**KEARNEY, J.**